IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,   Plaintiff,  V.  DELANDER EDWARD MOORE,   Defendant. | | 1:20-cr-00260-AA-5  ORDER |

CLARKE, Magistrate Judge:

On July 23, 2020, Defendant Delander Edward Moore was charged in an Indictment (ECF No. 46) along with eight (8) other defendants with Conspiracy to Interfere with Commerce by Robbery, Conspiracy to Possess with Intent to Distribute Marijuana, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  The Defendant was arraigned on the charges on July 27, 2020.  Since Defendant's arraignment, the Court entered orders excluding time under the Speedy Trial Act on September 2, 2020, October 27, 2020, January 8, 2021, and February 25, 2021.  (ECF Nos. 125, 143, 152, and 172).  Defendant filed a Notice of Objection to Further Delay in Proceedings on February 27, 2021 and the Government filed a response on March 15, 2021.  The Court held a hearing on Defendant's Notice of Objection on March 15, 2021.

As noted by the Government in its Response, the risks associated with the COVID-19 pandemic remain high, particularly in the counties that comprise the Medford Division. (ECF No. 184 at 5). Acknowledging the continuing threat of the pandemic to public health and safety, Chief Judge Marco A. Hernandez issued Standing Order 2020-12 Fourth Amended on March 19, 2021. The Standing Order extends the provisions of the CARES Act, H.R. 748, allowing for use of video or teleconferencing for some criminal proceedings with the consent of the defendant during the COVID-19 emergency for an additional ninety (90) days. Section (2)(A)(ii) of the Standing Order also provides that:

> In the event the Court experiences a reduced ability to obtain an adequate spectrum of jurors due to public health considerations associated with criminal jury trials and grand jury proceedings, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7)(A). The Court finds that the ends of justice served by ordering these continuances outweighs the best interest of the public and each defendant's right to speedy indictment or trial. <u>The Court may extend the period of exclusion as circumstances may warrant.</u>

(emphasis added).

The Court also acknowledges that complexity of this case, which involves eight (8) additional co-defendants. Any trial of this matter would necessitate the gathering of the defendants, their attorneys, attorneys for the Government, jurors, court staff, and witnesses in a relatively confined space. Even if trial were to proceed as to only a portion of the defendants, it would be difficult to facilitate within the current health guidelines and without jeopardizing public health and safety.

//
//
//
//

For the reasons stated above, the Court finds that in setting over the trial and excluding time under the Speedy Trial Act in its Order on February 25, 2021 (ECF No. 172), the ends of justice outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

DATED this __22__ day of March 2021.

MARK D. CLARKE
United States Magistrate Judge