IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

        Plaintiff,

v.

**DELANDER EDWARD MOORE,**

        Defendant.

_____

No. 1:20-CR-00260-MC-5

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Delander Moore files his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). Mot. Sent. Reduction 1, ECF No. 466. Because Mr. Moore fails to show extraordinary or compelling reasons justifying compassionate release, his Motion is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

1 – OPINION AND ORDER

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Congress delegated the Sentencing Commission with defining "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). Currently, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (noting that the court finds the consideration appropriate) *see also United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (when ruling on motions for compassionate release, district courts consider section 3553(a) factors, including whether the defendant poses a danger to the community) .

## DISCUSSION

The Court sentenced Mr. Moore to 120 months' imprisonment for two counts arising in the District of Oregon: Conspiracy to Interfere with Commerce by Robbery and Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana. J. 1–2, ECF. No. 342. The Court ordered this sentence to be served concurrent to a count arising out of the Southern District

2 – OPINION AND ORDER

of Ohio for Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin. *Id.*; Presentence Inv. Report ¶¶ 6–8, ECF No. 337 ("PSR"). Mr. Moore has served 55 months of his sentence and has a projected release date in June 2028. Br. Supp. Mot. Reduction Sent. 4, ECF No. 505 ("Def.'s Br."). He now requests compassionate release from Bureau of Prisons ("BOP") custody, arguing the "deplorable and dangerous" conditions at FCI Sheridan and the Jackson County Jail justify a reduction to his sentence.[1] *Id.* at 1, 6.

    The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason; Mr. Moore has failed to meet this burden. This Court has previously concluded that "generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of 'extraordinary and compelling circumstances.'" *United States v. Walker*, No. 1:16-cr-00411-MC, 2024 WL 124716, at *1 (quoting United *States v. Brant*, No. 3:21-cr-00090-IM, 2023 WL 6289993, at *1 (D. Or. Sept. 27, 2023)). Mr. Moore, however, presents little, if any, information about his individual circumstances. He describes unit-wide lockdowns, expired food, and restrictions on yard time; however, these are not individualized complaints. Def.'s Br. 6. And although Mr. Moore argues that FCI Sheridan was unable to provide routine medical care, he was seen by BOP Health Services numerous times while in custody. Reply to Gov't.'s Resp. 6, ECF No. 569 ("Def.'s Reply"); *see* Gov't.'s Sur-Resp. Ex. A, ECF No. 577 (over 50 pages of Mr. Moore's medical records while in BOP custody). While Mr. Moore states that he "frequently experiences episodes of dizziness and lightheadedness," his medical records indicate that he denied experiencing "any chest pain, SOB [shortness of breath], blurry vision, dizziness, or headaches." Def.'s Reply 6; Gov't.'s Sur-Resp. Ex. A, at 17. Mr. Moore

---

[1] Before being sentenced in May 2022, Mr. Moore spent two years in custody at the Jackson County Jail. Def.'s Br. 5.

3 – OPINION AND ORDER

was even taken off his blood pressure medication and removed from chronic care due to improvements in his condition. Gov't's Sur-Resp. Ex. A, at 2–3.

Additionally, even if the Court were to find extraordinary and compelling circumstances, it would still deny Mr. Moore's motion based on the § 3553(a) factors. Mr. Moore argues that his sentence was disparate to those of his co-defendants. Def.'s Reply 8. Mr. Moore focuses on sentence disparity for the crime at issue, without acknowledging the significant differences in criminal history between him and his co-defendants. *Id.* Unlike his co-defendants, Mr. Moore is a career offender who has been convicted of multiple felonies and, at the time of sentencing, had a pending felony charge in Ohio for distribution of heroin. PSR ¶¶ 17, 64–73. Due to this significant criminal history, Mr. Moore was not similarly situated at sentencing to his co-defendants. Additionally, coupled with his criminal history, Mr. Moore's sentence of 120 months in prison is already well below the sentencing guideline provision of 262–327 months. *Id.* at ¶¶ 90, 93. Reducing Mr. Moore's sentence further would undermine the seriousness of the offense, respect for the law, and any afforded deterrence.

While the Court acknowledges that U.S.S.G. § 1B1.13 is not binding, Mr. Moore's failure to demonstrate that he is no longer a danger to the community correctly informs the Court's decision. Mr. Moore is a career offender serving three concurrent 120-month sentences. J. 1–2. His consistent criminal history, starting in the year 2000, is replete with assorted offenses involving violence. PSR ¶¶ 65–69. He has had his probation revoked or terminated multiple times and has repeatedly committed new offenses while on probation or supervised release. *Id.* at ¶¶ 65, 67. In fact, Mr. Moore committed the underlying Oregon offenses while his Ohio federal heroin case was pending. *Id.* ¶¶ 27–36. Although the Court commends Mr. Moore on his efforts and echoes his hopes for redemption, it nevertheless believes that he still presents a danger to the community. The

4 – OPINION AND ORDER

Court finds that Mr. Moore, and the community, will benefit from his continued treatment under the services offered by the BOP for the full duration of his sentence.

## **CONCLUSION**

Mr. Moore's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2025.

**/s/ Michael McShane**
Michael J. McShane
United States District Judge

5 – OPINION AND ORDER